## CARL ALDENHOVEN v. THE STATE.

### No. 1952.    Decided May 2, 1900.

1. **Practicing Medicine Without a Diploma from an Accredited Medical College.**

    Article 438, Penal Code, means that a person is entitled to practice medicine who has a diploma from some accredited medical college chartered by the Legislature of the State or its authority in which the same is situated; and a party is not subject to a prosecution for violating said article who has such a diploma. A medical college chartered by the Legislature of the State where such college is located is an "accredited medical college."

2. **Same—Accredited Medical College—Hearsay Evidence.**

    On a trial for illegally practicing medicine, where defendant held a diploma from a medical college, it is not competent for the State to prove by practicing physicians that said college is not on the list of "accredited colleges" as shown by a medical register published by a private concern purporting to give a list of accredited medical colleges. Such testimony is hearsay evidence and inadmissible.

3. **Same.**

    A person practicing medicine is not required to have both a certificate of qualification from authorized medical examiners and also a diploma. If he has either, this is sufficient to exempt him from liability under our statutes against illegally practicing medicine.

APPEAL from the County Court of Gonzales. Tried below before Hon. W. W. GLASS, County Judge.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50.

No statement necessary.

*Atkinson & Abernethy,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully practicing medicine in Gonzales County, for pay, without first having obtained a certificate of professional qualification from the authorized board of medical examiners, and without having a diploma from some accredited medical college chartered by the Legislature of the State, or its authority, in which the same is situated, and his punishment assessed by the jury at a fine of $50.

In bill number 1 appellant complains of the following: The State introduced Drs. J. C. Jones and J. M. Henderson, and J. J. Fouts, who testified that the Independent Medical College is not on the list of accredited colleges. Appellant objected because it was the opinion

of the witnesses,—was admitted without laying a proper predicate; that their opinion was based upon hearsay, and not upon proper information, said witnesses having stated that their authority for saying said college is not an accredited college was Polk's Medical Register, a book published by a private concern, and not by any State or medical board created by any State. The court overruled appellant's objection, and admitted said testimony. We agree with appellant that this testimony was clearly inadmissible for any purpose. It was the opinion of the witnesses, and was hearsay of hearsay. The bill does not show that Polk's Medical Register was any other than hearsay evidence. The mere fact that it was a book purporting to give a list of accredited medical colleges would not make it admissible. Furthermore, we think this question is clearly settled by the statute itself. Article 438, Penal Code, reads as follows: "If any person shall practice for pay, or as a regular practitioner, medicine, in this State, in any of its branches or departments, or offer or attempt to practice without first having obtained a certificate of professional qualification from some authorized board of medical examiners or without having a diploma from some accredited medical college, chartered by the Legislature of the State or its authority, in which the same is situated, he shall be punished by a fine not less than fifty nor more than five hundred dollars." The latter clause of this article contemplates that a party must have a "diploma from some accredited medical college, chartered by the Legislature of the State or its authority in which the same is situated." This, we take it, is a clear definition as to what the statute means by the term "accredited medical college;" that is, an accredited medical college, within the terms of this article, means a college "chartered by the Legislature of the State, or its authority, in which the same is situated." If a party has a diploma from such a college, then he would not be subject to a prosecution for violating this article, and, if he had not, he can be so prosecuted. It follows, therefore, that the opinion of physicians as to whether this particular college of which appellant claims to be a graduate, was not an accredited medical college is not admissible, since the statute itself defines the term "accredited medical college." The latter clause might be given a construction other than as indicated above, to wit, it might be construed to mean that the college must first be an "accredited medical college," and must then be chartered by the Legislature of the State, or its authority, in which said college is situated. But we do not think the Legislature contemplated any such construction should be placed upon the language, but believe the foregoing construction of said article comports with the legislative intent, and is more in consonance with reason and judicial construction. If the Legislature intended to say that the college must first be an "accredited medical college," and, second, that it must be chartered by the Legislature of the State where located, then who is to pass upon the question as to whether it is an accredited medical college? Could

the guilt or innocence of an appellant be made to depend upon the opinion of physicians of different schools of medicine, without any criminal intent on the part of appellant? We do not think such a construction was intended, but believe the clear import of the language conveys the converse of the idea; that is, if the college is chartered by the Legislature of the State, or its authority, where such college is located, then it is an accredited medical college.

In bill number 5 appellant complains of the refusal of the court to charge the jury: "In connection with the main charge, the jury are instructed that an accredited medical college is one which is chartered by the Legislature of the State or its authority, in which such college is situated; and if you find that before January 1, 1899, defendant did file for record with the clerk of the District Court of Gonzales County a diploma from an accredited medical college, as that term has heretofore been defined, then you will acquit him." We think the court erred in refusing this special instruction.

Appellant also complains of the following portion of the court's charge: "If you believe that defendant * * * did unlawfully practice, for pay, and as a regular practitioner of medicine in all its branches and departments, and as such practitioner did visit and prescribe for certain patients named in the indictment, without first having obtained a certificate of professional qualification from any authorized board of medical examiners, and without having a diploma from some accredited medical college chartered by the Legislature of the State, or its authority," etc. Appellant is not required to have a certificate of qualification from authorized medical examiners, and also a diploma, in order to free him from a prosecution under this article; but if he has either he is not subject to prosecution. We think the court erred in the charge given. For the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*